UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**BAL Global Finance, LLC**

    v.                                            Civil No. 16-cv-345-PB
                                                  Opinion No. 2016 DNH 222

**Robert J. Gundersen**


**O R D E R**


BAL Global Finance, LLC has sued Robert Gundersen for breach of contract and an account stated based on a guarantee Gundersen executed in connection with a commercial lease. Gundersen argues in a motion to dismiss (doc. no. 7) that both claims are barred by the applicable statute of limitations.


## I. BACKGROUND

This case arises from a commercial equipment lease between lessee Stump Disposal Systems, Inc. ("Stump") and lessor Direct Capital Corp. ("Direct"). The lease is dated January 4, 2005. Gundersen guaranteed the lease for Stump on December 13, 2004. Shortly after the lease was executed, Direct's interest in the lease and the guarantee were assigned to BAL's predecessor, Fleet Business Credit, LLC.

Stump breached the lease on a date not specified in the pleadings by failing to make required payments. BAL responded with a complaint dated July 14, 2010, suing Stump and Gundersen in Michigan state court. On December 21, 2010, BAL obtained a default judgment against both defendants for $137,598.49.

BAL filed an action to collect on its default judgment in New Hampshire state court on or about August 24, 2011. On November 21, 2011, the court granted BAL's motion for summary judgment and ordered the Michigan judgment to be entered as a judgment of the court. For several years thereafter, Gundersen made minimal monthly payments on the judgment. In 2015, however, Gundersen obtained a new lawyer who filed a motion to dismiss for lack of subject matter jurisdiction. The basis for the motion was Gundersen's contention that the New Hampshire court lacked subject matter jurisdiction to enforce the Michigan action because the Michigan court never properly obtained personal jurisdiction over Gundersen. On April 1, 2016, the state court granted Gundersen's motion to dismiss.

BAL filed the current action in this court on July 28, 2016. The action reasserts the claims that BAL had originally asserted in the Michigan state court action.

## II.  ANALYSIS

Gundersen argues that BAL's claims are barred by the applicable statute of limitations.  BAL responds by claiming that its claims are saved from the statute of limitations by N.H. Rev. Stat. Ann. § 508.10 ("RSA 508:10").  RSA 508:10 states that "[i]f judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment."

Gundersen replies by arguing that RSA 508:10 has no bearing on the present action.  As he sees it, RSA 508:10 only permits a plaintiff to bring a second suit reasserting the same claims that were dismissed in the first action.  Because the dismissed New Hampshire action included only claims to enforce the Michigan judgment rather than the underlying claims that the Michigan judgment addressed, Gundersen argues, RSA 508:10 simply does not apply to BAL's attempt to reassert its contract rights in a new action.

I am unpersuaded by Gundersen's argument.  N.H. Rev. Stat. Ann. § 524-A:2 ("RSA 524-A:2") provides that, when dealing with a judgment obtained in another state,

> [t]he clerk shall treat the foreign judgment in the same manner as a judgment of the district or superior court of this state.  A judgment so filed has the same

3

> effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying a judgment of a district or superior court of this state and may be enforced or satisfied in like manner.

Under this provision, the Michigan judgment must be treated as if it had been entered in a New Hampshire court. If the Michigan judgment had been obtained here and a state court had later vacated the judgment on personal jurisdiction grounds, RSA 508:10 plainly would entitle BAL to reinstitute its underlying action within a year of the date that the judgment was vacated. If the Michigan judgment is treated as if it had been obtained here in the first instance, as RSA 524-A:2 requires, it follows that RSA 508:10 protects BAL's right to refile the underlying action as long as it does so within a year of the date that the underlying judgment was successfully attached. Accordingly, BAL has timely filed its new action pursuant to RSA 508:10.

Gundersen's motion to dismiss (doc. no. 7) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 19, 2016

cc:   Daniel Proctor, Esq.
      V. Richards Ward, Jr., Esq.